CLD-177                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1400
_____

LILI WAN,
                            Appellant

v.

CENTRAL TRANSPORT LLC
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-22-cv-01206)
District Judge:  Honorable Jennifer L. Hall
_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 5, 2024

Before: KRAUSE, FREEMAN, and SCIRICA, Circuit Judges

(Opinion filed: September 25, 2024)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Lili Wan appeals the entry of summary judgment for Central Transport LLC, which has filed a motion for summary action. We grant that motion and will affirm.

Wan filed this suit against Central Transport in Delaware state court. She alleged that she fell and sustained a concussion when a Central Transport truck driver negligently stepped on a dock leveler plate she was lifting. Central Transport removed the suit to federal court on the basis of diversity jurisdiction. At the close of discovery, Central Transport filed a motion for summary judgment arguing that Wan could not adduce evidence in support of her claim. Wan responded with a one-page opposition that did not cite any record evidence and that instead merely summarized the allegations of her complaint, referred to allegedly undisclosed video evidence, and quoted Fed. R. Civ. P. 56(h) regarding bad-faith affidavits without identifying any such affidavit. The District Court granted Central Transport's motion and Wan appeals.[1]

Central Transport asks us to summarily affirm because this appeal presents no substantial question. See 3rd Cir. L.A.R. 27.4 (2011); 3d Cir. I.O.P. 10.6. We agree

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291. We review the entry of summary judgment de novo and will affirm if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Bradley v. W. Chester Univ. of Pa. State Sys. of Higher Educ., 880 F.3d 643, 649-50 (3d Cir. 2018) (quotation marks omitted). We review the District Court's handling of discovery only for abuse of discretion. See United States v. Collins, 36 F.4th 487, 494 (3d Cir. 2022).

2

because Wan did not adduce any evidence from which a reasonable jury could find in her favor and does not otherwise have any arguable basis to challenge the entry of judgment.

Wan raises essentially two arguments, but they are insubstantial. First, she submits evidentiary material for the first time on appeal and argues that the District Court was required to consider it, even though she did not cite it or submit it herself, because it was elsewhere of record.[2] Wan misstates the law on this point.[3] Contrary to Wan's argument, courts are required to consider only those materials cited by the parties. See Fed. R. Civ. P. 56(c)(3); see also Bradley, 880 F.3d at 650 & n.22 ("To defeat a motion for summary judgment . . . the nonmoving party must point to evidence in the record that would allow a jury to rule in that party's favor.") (citing, inter alia, Fed. R. Civ. P. 56(c)(1)). Courts can consider other evidence of record, see Fed. R. Civ. P. 56(c)(3), but the District Court had no reason to do so here. In any event, even if we were to consider this material for the first time on appeal, it is not enough to survive summary judgment.[4]

---

[2] Wan does not say where, but Central Transport submitted some or all of this material with its discovery motion at ECF No. 13 almost a year before it moved for summary judgment. Central Transport did not submit this material with its subsequent summary judgment filings, and Wan herself did not submit it or cite it in any of her own filings.

[3] Wan asserts: "The Third Circuit has held that 'the court is obligated to consider not only the evidence specifically identified by the parties, but other relevant record evidence as well' (Acumed LLC v. Advanced Surgical Servs., Inc., 561 F.3d 199, 212 (3d Cir. 2009))." (3d Cir. Doc. 17-2 at 7.) That language does not appear in Acumed or, as far as we can tell, in any other electronically available case. Nor does Acumed otherwise support that proposition.

[4] Wan asserts that this material (1) shows that she suffered a concussion, and (2) places a

Second, Wan argues that the District Court erred in granting summary judgment while discovery was ongoing. But Wan did not properly raise this issue with the District Court, by following the procedure provided by Rule 56(d) or otherwise,[5] and her arguments lack merit even on their own terms. Wan argues that the court entered summary judgment while Central Transport's motion to extend discovery was still pending, but the court granted that motion six months before and discovery was closed at the time. (ECF No. 32.) Wan also argues that her own deposition was not complete because, after she walked out of her deposition and the District Court ordered her to continue with it, motions regarding her continued deposition were still pending. But Wan does not explain how those circumstances prevented her from submitting an affidavit or other evidentiary material in opposition to summary judgment. Nor does she specify any additional discovery that she claims to have needed or how it might have supported her claim.

---

Central Transport driver at the scene of her injury. But those points are not enough to raise an inference that Central Transport is liable for that injury. This material does not otherwise do so because it does not raise an inference that Wan's injury was proximately caused by any breach of duty on the part of Central Transport or any of its employees.

[5] Wan's sole reference to incomplete discovery in her opposition to summary judgment was her assertion that "[t]here are allegations against Defendant for the destruction of crucial in-truck video evidence, which they have persistently refused to disclose to Plaintiff." (ECF No. 48.) But as the District Court explained, Central Transport stated in response to Wan's discovery requests that no such video exists, and Wan never filed a motion to compel its production. Wan has not mentioned this issue on appeal.

For these reasons, we grant Central Transport's motion for summary action and will affirm the judgment of the District Court.